[No. 22793.   Department One.   March 2, 1931.]

MAX DuCHARME *et al., Appellants,* v. AMERICAN WOOD PIPE COMPANY *et al., Respondents.*[1]

*Earl V. Clifford,* for appellants.
*Henderson, Carnahan & Thompson,* for respondents.

MITCHELL, J.—The DuCharme Belting Company, partners, appellants, claiming to have performed labor

[1]Reported in 296 Pac. 168.

and furnished material between January 26, 1929, and March 3, 1929, in the sum of $402.05, in repairing the factory of the American Wood Pipe Company, a corporation, in Pierce county, filed with the county auditor a written notice or claim of lien therefor, on April 16, 1929. Two days later, at the suit of another creditor, a general receiver was appointed and qualified for the corporation, adjudged to be insolvent.

Appellants presented to the receiver a creditor's claim, which included their lien claim. The receiver neglected to pass on it, and on June 13, 1929, they filed in the receivership case a written application for an order requiring the receiver to act on the claim. On June 15, the court entered an order to that effect, and on June 21, 1929, the receiver served on appellants' attorney, and, on June 22, 1929, filed in the receivership case, a written rejection of the claim.

On November 29, 1929, the court, upon due notice given, heard and considered a general report of the receiver, including claims that had been presented to the receiver against the insolvent corporation. At that hearing, appellants' lien claim was presented and heard by the court, but the decision made at that time was not expressed in a formal order until December 16, 1929, as follows:

"This matter having heretofore, and upon the 29th day of November, 1929, come on for hearing before the court upon the preferred claim of Max DuCharme and Paul DuCharme, co-partners, doing business as DuCharme Belting Company, for $420.05, said claimant being represented by its attorney, L. V. Clifford, and the receiver being represented by his counsel, Henderson, Carnahan & Thompson, and being present in person;

"And the Receiver having announced in open court that he recommended the disallowance of said claim as a preferred claim and its allowance as a general claim herein; and the court having announced it would

follow the recommendation of said receiver and disallow said claim as a preferred claim and order its allowance as a general claim; it is, therefore,

"ORDERED: That the preferred claim of Max DuCharme and Paul DuCharme, co-partners, doing business as DuCharme Belting Company, in the sum of $420.05 with interest, be, and the same is hereby disallowed as a preferred claim herein, but allowed as a general claim, as of the 29th day of November, 1929, the date of the oral order of the court;

"To which order said claimant excepts and its exception is duly allowed.

"Done in open court this 16th day of December, 1929. "F. G. REMANN, Judge."

The order bears the "O. K." and signature of the attorney for the claimants. Thus, it appears that, upon the hearing in open court on November 29, 1929, this claim was disallowed as a preferred claim, but allowed as a general claim, and that order later reduced to writing and filed in the cause. There is no statement of facts to show what testimony was taken at the hearing, nor anything in the record to show that the appellants, at that time, asked leave to introduce further proof, or any proof at all.

After the hearing on November 29, 1929, appellants commenced the present independent action against the corporation and the receiver to foreclose the lien, and to sell the real property covered by it, taking an *ex parte* order in the receivership case for that purpose. It appears that, thereafter, on motion of the receiver, January 4, 1930, an *ex parte* order was entered in the receivership case, setting aside the order granting the appellants leave to commence this action. The validity of the order of January 4, 1930, is questioned by the appellants, but that controversy, in our opinion, is not important.

The receiver answered the complaint, and, among other things, affirmatively alleged that the order on

the hearing of November 29, 1929, disallowing the claim as preferred, but allowing it as a general claim, had not been set aside nor appealed from, and that it was final and conclusive, and further alleged that the land sought to be sold in foreclosure of the alleged lien, had already been disposed of at receiver's sale by order of the court, which provided that the proceeds of the sale should stand in lieu of the property sold with respect to all liens and claims against it, except taxes, and further alleged that the receiver's sale had been duly confirmed.

The issues were completed by a reply, and, upon the trial of the case, judgment was entered dismissing the action with prejudice, from which judgment the appeal has been taken.

As to the purpose of the appellants by this action to have the land sold, we are satisfied the judgment of dismissal was proper, under the principle announced in *State ex rel. Dooley & Co. v. Superior Court*, 128 Wash. 253, 222 Pac. 492, as follows:

"Upon the insolvency of a corporation the court, if it has jurisdiction of the parties, may order a receiver's sale of real property which is subject to a judgment lien, free and clear of the lien, which is transferred to the proceeds of the sale, notwithstanding the statute provides that the judgment shall be a lien upon the property from and after its entry." (Syllabus)

Appellants contend that, in ordering the receiver to make the sale in this case, the court did not have jurisdiction of them, within the rule mentioned. We are satisfied to the contrary. While appellants were not primary or original parties to that action, they became parties, within the rule spoken of, by their written application for orders they obtained, and by appearing at the hearing on the receiver's report, and approving as to form the order adjudicating their

claim to be a valid general claim against the insolvent estate. Further, after thus appearing generally in the receivership case, they were given notice of the time at which the court would consider for confirmation the receiver's sale they now ignore, at which hearing they made no appearance.

■■ But the order of December 16, 1929, fixing the rank of appellants' claim as a general one, only, from which no appeal was taken, is more important, with respect to the claim of preference. Counsel say that order was incapable of foreclosing their preference right under the lien, because, at that time, their right of lien was not mature or perfect, under the terms of the statute. The exact argument in that respect is:

"But appeal was not the proper remedy for appellants to pursue as they had not yet complied with the statutory requirement of commencing suit within eight months of filing their claim in the auditor's office. They would have been in no position to insist upon their lien rights until they had done so by commencing the within action."

The notice of lien was filed in the county auditor's office within time, and prior to the hearing on November 29, 1929, upon which the order was made, and the present action to foreclose the lien was commenced after that hearing, and within eight months from the date of the filing of the lien in the auditor's office. In support of their contention, appellants rely on *Brown v. Hunt & Mottet Co.*, 111 Wash. 564, 191 Pac. 860. In that case, within the time allowed to file notice of lien, and before any lien was filed, a receiver of the insolvent corporation, by order of the court, sold the buildings for which claimants had furnished material. Thereafter, and within the statutory time for filing liens, the claimants filed their notices of lien with the

receiver, stating that they were filed against the fund derived from the receiver's sale of the building, and claiming priority of payment out of that fund, to the same extent as if their claims had been filed with the county auditor prior to the appointment of the receiver. But it was held that, under the peculiar wording of our statute, there could be no lien unless notice was filed with the county auditor within the statutory period, which not having been done, there was no lien, and, hence, there could be no preference right of payment in favor of the claimants.

But the requirement of the statute, that the action to enforce the lien must be commenced within eight calendar months after the lien notice has been filed, so much relied on by the appellant in this case, was in no way involved or discussed in that case. Compliance with the terms of that statute is in no way essential to the validity or the perfecting of the lien. It affects only the remedy for the enforcement of lien, so that, at the date of the hearing in the receivership proceedings in this case, November 29, 1929, appellants' notice of lien was complete so far as statutory requirements were concerned, because it had then been filed in the auditor's office as the law required.

Under the statute, the filing is necessary to perfect the lien, notwithstanding the appointment of a receiver, while the commencement of a suit within the time mentioned in the statute, is for the purpose of collection, and no longer necessarily required after a receiver for an insolvent corporation has been appointed, as the claims of all creditors may then be presented and liquidated in the receivership proceedings. *Thompson v. Huron Lumber Co.,* 4 Wash. 600, 30 Pac. 741, 31 Pac. 25. That case speaks of the settled rule concerning the property of an insolvent corporation, that it is a trust fund for creditors, and that,

after a receiver is appointed, "the property is in the custody of the court, and the funds will be equitably distributed among the creditors." And, further, in that case it was said:

"The receiver, having been thus appointed, represented the corporation and all of its creditors. He was a trustee for both. It was his duty, under the orders of the court, to take proof of all claims presented to him; to recommend the allowance of those which he deemed just, and the disallowance of such as were improper. It was not necessary that any claim thus presented should be in the form of a judgment, or that there should be technical interventions. If claims were disputed by the receiver, the court had full power to decide the points at issue, calling in a jury if necessary. Any creditor, having proved his claim, would have the right to contest the claim of any other creditor, if the receiver should fail or refuse to do so in a proper case. In a word, this was a fund in court, the beneficiaries of which should receive their respective shares as expeditiously as the nature of the property would permit, and the principles governing the proceedings are substantially those enacted into statutes of insolvency in the states and into bankruptcy acts by the United States."

That procedure was followed in this case, and when, upon presenting the claim to the court, an order was entered establishing it, and fixing its rank, the order was final, and, not having been appealed from or set aside, constitutes a defense to the present action.

Judgment affirmed.

TOLMAN, C. J., HOLCOMB, PARKER, and MAIN, JJ., concur.